Stelzich v. Weidel.

JOHN STELZICH

V.

JACOB WEIDEL ET AL.

*Trust Deed—Equitable Assignment—Foreclosure—Defect of Parties—Practice—Estoppel.*

1. The delivery, without a written assignment, of an agreement and trust deed to a third person who has paid the sum secured thereby, at the

request of the grantor in the deed, constitutes such third person the equitable assignee thereof and entitles him to maintain a bill for foreclosure.

2. A bill should not be dismissed for want of equity, where there is merely a defect of parties.

3. In the case presented, it is *held:* That the court below should have directed an amendment to the bill so as to make others, who made advances, parties complainant, and the assignor of the agreement and trust deed a party defendant; that the bill should have contained an allegation that the complainant had elected to declare the whole amount secured by the trust deed due; and that the court below improperly dismissed the bill for want of equity.

[Opinion filed August 8, 1888.]

In ERROR to the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. JONES & LUSK, for plaintiff in error.

Messrs. WILLIAM VOCKE and H. STORCK, for Frank J. Miller, defendant in error.

MORAN, P. J.    On September 20, 1880, Jacob Weidel borrowed from the Bohemian American Building, Loan and Homestead Association, the sum of $2,600, and gave to said association an agreement in and by which he promised to pay $6.50 every week, until said principal sum, together with 8 per cent. interest per annum thereon, should be paid.

As security for the performance by him of said agreement, he executed a trust deed on certain real estate situated in Cook County to one Albert Silha, which trust deed was duly recorded in the recorder's office in Chicago.   Weidel made the weekly payment required by the agreement until he had reduced the amount owing to the association to $1,600, when, in February, 1884, he applied to one Belohradsky, who was at the time secretary of the said building and loan association, for a loan of $2,000, with part of which he desired to pay off the $1,600 due to the association.   Belohradsky procured said Weidel to execute a judgment note for $2,000, and to secure it by a trust deed upon the same property on which the agreement to the association was secured, and, after deducting certain

costs and fees, gave to Weidel about $154, and promised to pay to the association the $1,600, but, instead of doing so, sold the note and trust deed to one Wittner and let the money due the association stand.    Afterward the amount so due was reduced by payments made by Weidel and Belohradsky to the sum of $805.    Then Weidel made an agreement with John Stelzich, the appellant, to pay to the association the said balance of $805 due on the agreement, as he could not pay it himself and the association threatened to foreclose under the trust deed.    Stelzich and Weidel went to the meeting of the association and Stelzich paid then $400, and afterward the balance due, at Weidel's request.

This agreement between Stelzich and Weidel was submitted to the society at the meeting, and when the whole amount was paid by Stelzich the association gave the mortgage to him at the request of Weidel.    Weidel subsequently sold the real estate described in the trust deed to Frank J. Mueller, one of the appellees, subject to all liens, and Mueller refusing to pay to Stelzich the amount due to him upon the agreement turned over to him by the society, Stelzich filed his bill in the Superior Court to foreclose the trust deed given to Silha to secure the said agreement, and made Weidel and his wife, and Wittner, Mueller and one Podolsky parties defendant.    Albert Silha was made party defendant by amendment but was not served.    On the hearing the foregoing facts being shown by complainant's evidence and being wholly uncontroverted, appellant's bill was dismissed for want of equity.

To sustain the decree it is urged on the part of appellee, Mueller, that it is not shown by the evidence that the agreement with the association was turned over to Stelzich, and that the delivery to him of the trust deed would not amount to assignment of the debt.    The record shows that the trust deed and agreement were offered in evidence by the complainant, and in connection with the introduction of them in evidence Stelzich testified that he was the owner of them.    It is true that in one part of the evidence he states that the mortgage was given to him by the association when he had paid the money due on the agreement, but we think it clear

that by the term "mortgage" he intended to include both
the trust deed and the agreement, for in the same connection
he states Weidel's request to the association that the papers
should be given to him (Stelzich). Our conclusion on that
point is, that the agreement, as well as the trust deed, was de-
livered to Stelzich by the association at Weidel's request when
the sum of $805 had been paid by Stelzich, but that there was
no written assignment of the agreement.

By the transaction Stelzich became the equitable assignee
of the agreement, and, though it was necessary that the build-
ing and loan association should be made a party defendant to
the bill to foreclose, yet the fact that it was not a party would
not authorize the court to dismiss the bill for want of equity.
The court should have directed the amendment of the bill in
that respect.

It is further contended, that the evidence tends to show that
the wife and son of Stelzich have an interest in the subject-
matter, as they appear to have furnished some of the money
paid by Stelzich to the association. We are inclined to think
that the wife and son of Stelzich should be joined with him
as parties complainant to the bill, but the failure so to join
them would not, under the evidence in the case, authorize the
dismissal of the bill, for it clearly appears that Stelzich has an
interest to assert which would authorize his filing the bill.
The court should have directed the amendment of the bill so
as to have brought in the wife and son of Stelzich either as
complainants or as defendants, and if the rule to amend the
bill was not complied with, then the court could dismiss the
bill for failure to comply with the order to amend, but not for
want of equity.

It is also urged that it is not shown that the whole indebted-
ness under the agreement had become due, as it is not shown
that the building association had exercised the option to de-
clare it due. The trust deed provides, "that if default is
made in the payments of said agreement, or any part thereof,
then, and in such case, the whole of said principal sum and in-
terest secured by the said agreement shall thereupon, at the
option of the legal holder or holders thereof, become im-
mediately due and payable," etc    There is no allegation in

the bill that pursuant to the provisions of the agreement, complainant had elected to consider the whole amount due, and while no notice prior to the filing of the bill is necessary, yet the bill should contain such a declaration. Harper v. Ely, 56 Ill. 179; Johnson v. Van Velsor, 43 Mich. 208.

As Stelzich is the equitable assignee of the agreement, he may exercise the option in the same way as the original holder thereof might do. Harper v. Ely, *supra*.

But like the other defects in the bill, this one did not authorize its dismissal for want of equity, for there was clearly a considerable amount due and in arrear under the terms of the agreement, and the court could have granted a foreclosure for such amount as was due at the time the decree was entered. Johnson v. Van Velsor, *supra*.

It appears to have been contended in the court below that Stelzich was estopped from proceeding to foreclose this trust deed against the appellee, Mueller, on account of a certain statement made by Stelzich to Mueller's attorney before Mueller purchased the property, and which statement was taken down in writing by said attorney.

It is not contended in this court that any such estoppel arises, and an inspection of the statement, as it is set forth in the record, shows that, so far from its estopping Stelzich by anything contained in it from setting up his claim against the real estate, the statement gave to Mueller and his attorney the most explicit notice of Stelzich's right in the premises. This statement alone, if taken as true without further evidence, would establish complainant's right to relief as against Mueller.

On the merits of the case we think the equity is plainly with the appellant, but as the new parties who must be brought in will have the right to offer evidence as to their particular interests, we will not direct a decree.

The decree of the Superior Court will be reversed and the case remanded to that court, with directions to that court to require the bill to be amended in the particulars specified, and all the new parties served, including Silha, and when the said matter shall reach an issue, to let the cause be heard according to the practice of the court.

*Reversed and remanded.*